# EXHIBIT A

Electronically Filed
Superior Court of California
County of San Joaquin
2025-10-21 16:10:33
Clerk: Kacey Sutton

Case Management Conference
2026-04-20 8:30AM in 11B

N O S R A T I L A W
A PROFESSIONAL LAW CORPORATION
Omid Nosrati, Esq. (SBN 216350)
Christine Harmandayan, Esq. (SBN 320999)
1801 Century Park East, Suite 840
Los Angeles, California 90067
Telephone: (310) 553-5630
Facsimile: (310) 553-5691
Email: omid@nosratilaw.com
Email: c.harmandayan@nosratilaw.com

Attorneys for Plaintiff,
DANIELLE LITTLE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN JOAQUIN

### UNLIMITED JURISDICTION

| | |
|---|---|
| DANIELLE LITTLE, an individual,<br><br>        Plaintiffs,<br><br>            v.<br><br>STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Company; JERRY PHILLIPS, an individual; ANDREW CASTRO, an individual; and DOES 1 through 10, inclusive;<br><br>        Defendants. | Case No.  STK-CV-UOE-2025-0015631<br><br>**COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES**<br><br>1. Sexual Harassment in Violation of FEHA [Cal. Gov't Code §12940(j)]<br><br>2. Failure to Prevent Harassment in Violation of FEHA [Cal. Gov't Code §12940(k)]<br><br>3. Retaliation in Violation of FEHA [Gov. Code §12940(h)]<br><br>4. Whistleblower Retaliation [Labor Code §1102.5]<br><br>5. Negligent Retention<br><br>6. Constructive Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

Plaintiff DANIELLE LITTLE (hereinafter "Plaintiff" or "Ms. Little") brings this action against Defendant STONELEDGE FURNITURE LLC (hereinafter "Defendant" or "STONELEDGE"), a Wisconsin Limited Liability Company; JERRY PHILLIPS (hereinafter "PHILLIPS"), an individual; ANDREW CASTRO (hereinafter ("CASTRO"), an individual; and DOES 1 through 10 (collectively referred to as "Defendants"), inclusive and alleges as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.     This action is brought pursuant to California statutory and decisional laws.  Plaintiff alleges that California statutory and decisional laws prohibit the conduct by Defendants, as alleged herein, and therefore Plaintiff is entitled to monetary relief on the basis that Defendants violated such statutes and decisional laws.

## PARTIES

2.     At all times relevant for purposes of this Complaint, Plaintiff has been a resident of the State of California.

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant for purposes of this Complaint, Defendant STONELEDGE, was, and is, a Wisconsin Limited Liability Company doing business in the State of California. STONELEDGE is an "employer" as defined by California Government Code Sections 12926(d), 12940(a), 12940(h) and 12940(j)(4)(A).

4.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant for the purposes of this Complaint, Defendant PHILLIPS was an employee of STONELEDGE and Plaintiff's supervisor.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant for the purposes of this Complaint, Defendant CASTRO was an employee of STONELEDGE and Plaintiff's supervisor.

6.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and therefore sues Defendants by such fictitious names.  Defendants DOES 1 through 10, at all times relevant for purposes of this Complaint were employees, agents, partners, officers and/or members of the board of

-2-
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

directors of Defendant.  Plaintiff will amend this Complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 10, inclusive, when they have been ascertained.

7.    Plaintiff is informed and believes, and on that basis alleges, that Defendants designated herein as DOES 1 through 10, inclusive, is responsible in some manner for the acts, events and occurrences alleged herein, and caused or contributed to the damages sustained by Plaintiff.

8.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 10, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants. Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

## JURISDICTION

9.    Defendants and DOES 1 through 10 are subject to suit under the California Fair Employment and Housing Act ("FEHA") as they regularly employ five or more persons in the State of California.  *Gov't Code* §12926(d).  FEHA prohibits discrimination, harassment, and retaliation on the basis of race, sex, gender, color, national origin, disability, ancestry and age, among other acts, by an employer against an employee.

10.    At all times during Plaintiff's employment with STONELEDGE, her home base for employment was in California.

11.    Plaintiff has exhausted all administrative remedies necessary and have timely brought this action.  (Plaintiff's DFEH Complaint and Right to Sue Notice are attached collectively as **Exhibit 1**).

12.    Jurisdiction and venue in this county and division is proper because the events giving rise to each and every of the following causes of action, which are described below, occurred within this judicial district in the State of California. Furthermore, the relief sought through this Complaint is within the jurisdiction of this Court because the damages are more than $35,000.00.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.    On February 17, 2025, Plaintiff commenced employment with STONELEDGE

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

FURNITURE, LLC, an Ashley Furniture franchise located at 10904 Trinity Parkway, Stockton, California. Plaintiff was hired for the position of Sales Manager at an annual salary of $68,640.

14. On February 24, 2025, approximately one week after Plaintiff's hire date, STONELEDGE hired JERRY PHILLIPS as Store Manager. PHILLIPS maintained a regular work schedule that overlapped with Plaintiff's duties approximately three days per week during weekend periods, creating frequent opportunities for workplace interaction and supervision.

15. Within approximately 2.5 to 3 weeks of Plaintiff's employment, PHILLIPS began engaging in a systematic pattern of unwelcome sexual harassment directed toward Plaintiff. The harassment manifested in multiple forms, including sexually explicit comments, inappropriate propositions, and racially charged remarks that created a pervasively hostile work environment.

16. When Plaintiff wore professional attire to work, specifically a black jumpsuit appropriate for her sales position, PHILLIPS made sexually inappropriate remarks, asking her "where the list to slap your ass."

17. Throughout March and April 2025, PHILLIPS engaged in numerous instances of propositioning Plaintiff, repeatedly asking her how much she would charge to strip for him.

18. During a workplace conversation regarding water and hoses, PHILLIPS made racially offensive and sexually suggestive comments, stating that Plaintiff "doesn't know about white water hoses, she only knows about black water hoses."

19. These inappropriate comments and sexual propositions occurred with alarming regularity, nearly every time PHILLIPS worked alongside Plaintiff during their shared weekend shifts.

20. Rather than diminishing over time, PHILLIPS' harassing behavior toward Plaintiff worsened, indicating a deliberate and escalating pattern of sexual harassment that created increasingly intolerable working conditions for Plaintiff throughout her employment period.

21. On April 17, 2025, Plaintiff formally filed a complaint with Human Resources and PHILLIPS' supervisor regarding the ongoing pattern of sexual harassment she had endured.

22. Despite the serious and documented nature of these allegations, STONELEDGE failed to take appropriate interim protective measures during the investigation period. Specifically, STONELEDGE did not place PHILLIPS on administrative leave, remove him from shifts with Plaintiff,

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

or provide mandatory anti-harassment training. This failure forced Plaintiff to continue working directly with her harasser while the investigation remained pending, creating an environment of continued intimidation and potential retaliation.

23.    Compounding this inadequate response, PHILLIPS was made aware that an HR investigation was being conducted against him, yet he remained in his supervisory position with continued access to Plaintiff. The investigation extended for approximately two months and ultimately required escalation beyond the HR department to involve employee relations attorneys, indicating the complexity and severity of the allegations.

24.    On May 16, 2025, STONELEDGE'S failure to protect Plaintiff from retaliation became evident when PHILLIPS arrived at work at 12:30 PM. At that time, PHILLIPS proceeded to aggressively confront Plaintiff over the workplace walkie system regarding routine work tasks, then explicitly engaged in retaliatory conduct by stating he was "very upset that there was an HR case against him."

25.    PHILLIPS further escalated his retaliatory behavior by declaring that he "didn't appreciate people fucking with his livelihood" and issued a direct threat, warning that "if he found out who complained that it would be bad."

26.    Recognizing the severity of this retaliatory conduct, Plaintiff immediately documented the incident by sending an email to employee relations reporting the threatening conversation and requesting expedited conclusion of the investigation. STONELEDGE ultimately terminated PHILLIPS on May 28, 2025.

27.    In June 2025, STONELEDGE hired CASTRO as the new manager to replace PHILLIPS. Almost immediately upon his start date at Plaintiff's store, CASTRO began subjecting Plaintiff to a new pattern of sexual harassment.

28.    CASTRO'S harassment manifested through multiple inappropriate behaviors that created a renewed hostile work environment for Plaintiff.

29.    CASTRO engaged in unwelcome personal inquiries about Plaintiff's marital status, asking whether she had recently been married and commenting that she didn't have a ring before, adding that she was "too beautiful to not be married." These comments inappropriately sexualized Plaintiff and invaded her personal privacy. CASTRO further escalated his inappropriate conduct by making sexually

-5-
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

explicit references to his personal activities, telling Plaintiff that "he gets happy endings" after getting a haircut, creating an uncomfortable and sexually charged work atmosphere.

30.    CASTRO deliberately invaded Plaintiff's physical workspace by moving his desk directly adjacent to hers, encroaching upon her personal space and creating an intimidating work environment designed to make her uncomfortable. He also attempted to control her work activities by instructing her that she shouldn't take lunch breaks. During discussions of employee names on an Impact Report, CASTRO made sexually explicit comments, stating "I remember Baddar by masturbating," further contributing to the hostile work environment.

31.    This pattern of harassment was not isolated to Plaintiff. CASTRO also directed inappropriate sexual comments toward other female employees, including Customer Service Representative Cyndi Senteno. When another employee hugged Ms. Senteno, CASTRO told the male employee to "get your hands off my woman" indicating a systematic pattern of gender-based harassment that permeated the workplace under his management. This conduct was another clear escalation into possessive and controlling sexual behavior exhibited by CASTRO.

32.    Plaintiff promptly reported CASTRO's pattern of sexual harassment to acting regional manager Jerry Magallanes and Amy Centeno from the Legal Department. Following her complaint, STONELEDGE terminated CASTRO, confirming the validity and seriousness of her allegations. However, rather than addressing the systemic hostile work environment that had plagued the workplace under two consecutive managers, STONELEDGE'S leadership engaged in unlawful retaliation against Plaintiff and other female staff members.

33.    Jerry Magallanes and Amy Centeno explicitly blamed Plaintiff and other female employees for what they characterized as "necessitating the firing of two store managers." Mr. Ghammashi informed Plaintiff that she needed to "step it up" and warned her that she would receive reduced managerial coverage going forward, creating additional work burdens as punishment for her protected complaints.

34.    STONELEDGE'S retaliatory conduct intensified during a period when Plaintiff faced a family emergency requiring her immediate attention. When Plaintiff's father was hospitalized, necessitating her absence from work to attend to this serious family crisis, Regional Director Anis

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

Ghammashi demonstrated reluctance to grant the necessary time off and inappropriately continued to contact Plaintiff via text message regarding work matters during her family emergency.

35.    Unable to tolerate the continued retaliation, hostile work environment, and harassment , Plaintiff was constructively terminated on July 1, 2025.

36.    Plaintiff's constructive termination occurred after approximately four months of employment, during which she endured pervasive sexual harassment from two consecutive managers and unlawful retaliation for exercising her protected right to report workplace misconduct.

## FIRST CAUSE OF ACTION

### SEXUAL HARASSMENT IN VIOLATION OF FEHA [Cal. Gov't Code §12940(j)]

(Against STONELEDGE FURNITURE, LLC, JERRY PHILLIPS, ANDREW CASTRO, and DOES 1 through 10)

37.    Plaintiff alleges and incorporates by reference all preceding paragraphs as if fully alleged herein.

38.    At all times relevant for purposes of this Complaint, Gov't Code §12900 et seq. were in full force and effect and were binding on all Defendants.  Gov't Code §12940(j)(1) states that it is unlawful "[f]or an employer…or any other person, because of…sex…to harass an employee…." The employer is strictly liable when the harasser is the employee's supervisor. *Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 36.

39.    During her employment, Plaintiff was subjected to sexual harassment from two different store managers, PHILLIPS and CASTRO.  Said conduct was severe, and was offensive, humiliating, and harassing to Plaintiff and would have been offensive to a reasonable person under Plaintiff's circumstances.

40.    Plaintiff was subjected to unwelcome sexual harassment when PHILLIPS inappropriately asked Plaintiff "where the list to slap [her] ass" when she wore a professional black jumpsuit, repeatedly asked her throughout March and April 2025 how much she would charge to strip for him, and making racially charged sexual comments about "black water hoses." These inappropriate comments occurred nearly every time PHILLIPS worked with Plaintiff.

41.    Following PHILLIPS' termination, CASTRO immediately began subjecting Plaintiff to

-7-
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

sexual harassment, including asking her if she had recently been married and commenting that she was "too beautiful to not be married," telling her that "he gets happy endings" after getting a haircut, moving his desk directly next to hers to invade her personal space, and stating "I remember Baddar by masturbating" when discussing employee names. All of this conduct was clearly unwelcome sexual harassment and based on Plaintiff's sex.

42.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

43.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

44.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965(b).

45.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

46.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

Court and requests relief as described in the PRAYER below.

**SECOND CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT VIOLATION OF FEHA [Cal. Gov't Code §12940(k)]**

(Against STONELEDGE FURNITURE, LLC and DOES 1 through 10)

47.     Plaintiff alleges and incorporates by reference all preceding paragraphs as if fully alleged herein.

48.     At all times relevant for purposes of this Complaint, the FEHA, Gov't Code § 12900 et seq., was in full force and effect and binding on Defendants.  FEHA requires STONELEDGE, among other things, "to take all reasonable steps necessary to prevent harassment from occurring."

49.     In perpetrating the above-described acts and failures to act, STONELEDGE violated California Government Code §12940 by failing to ensure a workplace free of harassment. STONELEDGE is responsible for assuring that DFEH provisions are followed, including provisions prohibiting sexual harassment against employees.  However, STONELEDGE failed to take all reasonable steps necessary to prevent harassment from occurring.

50.     Instead, STONELEDGE created and fostered a hostile, offensive, inappropriate, and intolerable work environment, where harassment was condoned, encouraged, tolerated, sanctioned, and ratified.

51.     STONELEDGE repeatedly violated Gov't Code §12940(k).  STONELEDGE'S acts and failures to act include, but are not limited to, the following:

(a)     Having no policies, practices, and procedures and/or failing to implement policies, practices, and procedures and/or having ineffective policies, practices, and procedures regarding Defendants' obligations to refrain from harassment;

(b)     Having no policies, practices, and procedures and/or failing to implement policies, practices, and procedures and/or having ineffective policies, practices, and procedures regarding the handling of complaints of harassment;

(c)     Failing to provide any and/or adequate training, education, or information to their personnel, and most particularly to management and supervisory personnel with regard to policies and procedures regarding preventing harassment;

-9-

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

(d)    Failing to appoint a qualified, neutral third party to investigate an employee's allegations;

(e)    Failing to transfer the employee to a new supervisor under the same terms and conditions of employment;

(f)    Failing to review the employer's anti-harassment policy with the harasser and imposing counseling or discipline as appropriate; and

(g)    Failing to take permanent remedial steps reasonably calculated to end the harassment and deter future harassment from the same offender or others.

52.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

53.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

54.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965(b).

55.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

56.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

**THIRD CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA [Cal. Gov't Code § 12940(h)]**

(Against STONELEDGE FURNITURE, LLC and DOES 1 through 10)

57.    Plaintiff alleges and incorporates by reference all preceding paragraphs as if fully alleged herein.

58.    It is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." (Gov. Code, § 12940, subd. (h)).

59.    Plaintiff engaged in protected activity when she made complaints to HR and management about the sexual harassment she experienced from both PHILLIPS and CASTRO. Plaintiff's protected activity was a motivating factor in the adverse employment actions taken against her. After her complaint about PHILLIPS, he directly retaliated against her on May 16, 2025, by confronting her about the HR case, expressing his anger, and making threatening statements about finding out who complained. Following her complaint about CASTRO, which resulted in his termination, Anis Ghammashi blamed Plaintiff and other female staff members, telling her she needed to "step it up" and would have less coverage going forward.

60.    There is a clear causal link between Plaintiff's protected activity and the retaliatory conduct she experienced. This is based on the temporal proximity of the protected activity and the retaliatory actions, as well as the direct statements made by PHILLIPS acknowledging his anger about the HR case. The pattern of retaliation ultimately created conditions so intolerable that Plaintiff was forced to resign on July 1, 2025.

61.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including

-11-
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

62. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

63. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and expects to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965 (b).

64. The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of STONELEDGE acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

65. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### FOURTH CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION [Labor Code § 1102.5]

(Against STONELEDGE FURNITURE, LLC and DOES 1 through 10)

66. Plaintiff alleges and incorporates by reference all preceding paragraphs as if fully alleged herein.

67. Labor Code section 1102.5 prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

the information discloses a violation of state or federal statute. *Diego v. Pilgrim United Church of Christ* (2014) 231 Cal.App.4th 913, 923.

68.    In Addition, Labor Code § 1102.5 subd. (b) forbids retaliation if the employee disclosed, or the employer believes he/she disclosed "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

69.    According to the recent decision by the California Supreme Court in *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703, courts must apply the framework prescribed by statute in Labor Code section 1102.6 rather than the test set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792. Once an employee-whistleblower establishes by a preponderance of the evidence that retaliation was a contributing factor in the employee's termination, demotion, or other adverse action, the employer then bears the burden of demonstrating by *clear and convincing evidence* that it would have taken the same action "for legitimate, independent reasons."  (Lab. Code, § 1102.6, added by Stats. 2003, ch. 484, § 3, pp. 3518–3519).

70.    Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 *et seq*., it is an unlawful employment practice for an employer to harass an employee on the basis of sex. It also an unlawful employment practice for an employer to retaliate against an employee for issuing a complaint of sexual harassment.

71.    Plaintiff engaged in protected whistleblowing activity when she complained to HR and PHILLIPS's direct manager on April 17, 2025, about ongoing sexual harassment, which constitutes illegal activity under FEHA. She further engaged in protected activity when she complained about CASTRO's harassment to acting regional manager Jerry Magallanes and Amy Centeno. These complaints disclosed reasonably based suspicions of illegal sexual harassment to persons with authority over Plaintiff.

72.    Following her complaints, Plaintiff suffered adverse employment actions in the form of retaliation and constructive termination. After her complaint about PHILLIPS, he directly retaliated against her on May 16, 2025, by telling her he was "very upset that there was an HR case against him," that he "didn't appreciate people fucking with his livelihood," and warning that "if he found out who complained that it would be bad." After her complaint about CASTRO resulted in his termination, Anis

Ghammashi blamed Plaintiff and other female staff members for necessitating the firing of two store managers, telling her she needed to "step it up" and would have less coverage going forward. This retaliatory conduct, combined with the hostile work environment, forced Plaintiff to resign on July 1, 2025.

73. Based on the temporal proximity of Plaintiff's protected activity and the subsequent retaliatory treatment, Plaintiff's protected activity was a contributing factor to the adverse employment actions and constructive termination.

74. As a proximate result of STONELEDGE'S conduct and pursuant to Labor Code § 1102.5(f), STONELEDGE is liable to Plaintiff for a civil penalty not to exceed ten thousand dollars ($10,000.00).

75. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

76. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

77. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Labor Code Section 1102.5, subdivision (j).

78. The acts taken toward Plaintiff were carried out by and/or ratified by STONELEDGE and/or managing agent employees of STONELEDGE acting in a despicable, oppressive, fraudulent,

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

79.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

## FIFTH CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against STONELEDGE FURNITURE, LLC and DOES 1 through 10)

80.     Plaintiff alleges and incorporates by reference all preceding paragraphs as if fully alleged herein.

81.     California recognizes a tort claim of wrongful discharge based on a violation of fundamental and substantive public policy. *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167, 164.

82.     Under the Fair Employment and Housing Act ("FEHA"), California has a fundamental and substantive public policy that prohibits employers from harassing against employees in the terms, conditions, or privileges of employment on the basis of sex.

83.     Also, pursuant to Labor Code § 1102.5, California has a fundamental and substantive public policy that prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that the information discloses a violation of state or federal statute.

84.     As outlined above, STONELEDGE subjected Plaintiff to intolerable work conditions which were extraordinary and egregious, and Plaintiff had no alternative but to resign. STONELEDGE constructively terminated Plaintiff in violation of fundamental and substantive public policies. On or around July 1, 2025, Plaintiff suffered an adverse employment action when she was constructively terminated. Due to the continuous harassing behavior that Plaintiff had been previously subjected to including minimal support and late arriving remedial action, followed by the retaliatory conduct, Plaintiff had no other alternative but to proceed with her forced resignation due to her concerns for her safety, mental health, and wellbeing.

-15-
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

85.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

86.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

87.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

88.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### SIXTH CAUSE OF ACTION

### NEGLIGENT RETENTION

(Against STONELEDGE FURNITURE, LLC and DOES 1 through 10)

89.     Plaintiff alleges and incorporates by reference all preceding paragraphs as if fully alleged herein.

90.     At all times relevant, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, directly and/or indirectly employed Plaintiff as defined under the regulations, statutes and interpreting case law.

91.     "California case law recognizes the theory that an employer can be liable to a third person

-16-

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

for negligently hiring, supervising, or retaining an unfit employee. Liability is based upon the facts that the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1054, 58 Cal. Rptr. 2d 122, 132 (1996) (internal citations omitted). "An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." (*Roman Catholic Bishop v. Superior Court* (1996) 42 Cal.App.4th 1556, 1564-65). "Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815, 52 Cal. Rptr. 3d 376, 397 (2006)

92.    PHILLIPS and CASTRO were employees of STONELEDGE.

93.    As alleged above, both PHILLIPS and CASTRO were incompetent and unfit for their positions of employment.

94.    STONELEDGE knew PHILLIPS and CASTRO were employees who posed a particular risk or hazard for harm and that risk and harm materialized when both men sexually harassed Plaintiff. Consequently, STONELEDGE and DOES are liable for negligent hiring, retention, and/or supervision of PHILLIPS and CASTRO.

95.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

96.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress.  Plaintiff has further experienced other physical symptoms arising from the wrongful acts of Defendants, and each of them.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and physical and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

97.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

98.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For all actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, together with prejudgment interest, according to proof;

2.    For compensatory and general damages in an amount according to proof;

3.    For all applicable penalties under the California Labor Code, including Section 1102.5(f);

4.    For attorneys' fees;

5.    For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

6.    For punitive damages;

7.    Costs of suit;

8.    For Injunctive Relief, and Restitution; and

9.    Such other and further relief as the court deems proper.

Dated: October 21, 2025

N O S R A T I L A W
A PROFESSIONAL LAW CORPORATION


By:   */s/ Omid Nosrati, Esq.*
        Omid Nosrati, Esq.
        Christine Harmandayan, Esq.
        Attorneys for Plaintiff,
        DANIELLE LITTLE

-18-
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by California Code of Civil Procedure section 631.

Dated: October 21, 2025

N O S R A T I L A W
A PROFESSIONAL LAW CORPORATION


By:  */s/ Omid Nosrati, Esq.*
Omid Nosrati, Esq.
Christine Harmandayan, Esq.
Attorneys for Plaintiff,
DANIELLE LITTLE

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES